Per curiam.

As to the first point, there is no diversity of opinion .among the ’judges. The .intention .of the .constitution in requiring ■the judges to meet at the conclusion of the circuits, to hear motions to be submitted to them, was, to establish a tribunal of appeals ; a court of the last resort, for the decision of law questions, and in. trícate points of practice, arising in the district courts. It is a wise ,and useful institution, calculated to .produce .certainty and unifor. .mity in the administration of justice. Jt tends to satisfy the parties .against whom decisions are made in the circuit courts, as well as their counsel, who are not bound to rest satisfied with such deci. sions, but may except thereto, and demand [he opinions of the other judges, on the question of law, or practice, on which the decision is made ; and it is also a great relief to the judges them selves, who are often under a necessity of delivering- opinions on .difficult questions, in the district courts, on the spur of the occasion, witnout having sufficient time or opportunity to deliberate and .digest such opinions, and, therefore, may often wish to have those .opinions examined, in order that they may have the sanction of a full bench, if found to be right, or if found to bo erroneous, overruled and exploded. And it is evident from the nature and design ¡of the institution, that no question which has arisen out of any .cause, depending’in a district court, and which, if this court did not exist, would be proper for the cognizance of such district .court, can be taken notice of here, unless there has been a decision .upon it in .the district court; because the question must come here by way of appeal from the determination. in the district court. Questions brought here on motions for new trials, “may seem to be exceptions to this rule, but they are not so in fact; for although no ^notion is ever made for a new trial in the district court, yet the .question of law, if any, that may have been decided against the party, or the law that has been laid down by the court, in the case, is that decision which is excepted to, and appealed from. Where new trials are applied for on other grounds, the conduct of the jury is most commonly implicated; but as the knowledge of the facts and circumstances, which furnish the grounds on which motions for new trials are generally granted, on account of any mistake or misconduct of the jury, are generally obtained late in the term, and as causes of this sort are commonly mixed with other causes, as misdirection of the court, &c., in which the opinion of the judge may be questioned, it cottld answer no useful purpose to *94 require that motions for new trials should be first made in the district court, before they can be brought here.
On sec°n<I and third points, there was some difference of opinion among the judges. A majority of them resolved, that on ¿¡eraurrers decided in the district courts, where the decision is, that the defendant respondeat ouster, he shall answer over instantly, and that he shall not be allowed time to plead without good cause be .shewn, to induce the court to grant further time to plead, as a special favor ; and that there is no necessity to serve him with any rule to plead. And they all concurred in opinion, that the placo where the defendant was required to appear and answer, by the writ, was not expressed in the writ, with such certainty as the .law requires. Brevard, J., said, he had always been of opinion, ■that dilatory pleas, which are predicated on some mistake in the form of the leading process, as a wrong teste, &c., or on some ex.trinsic error, which may easily be exposed, and proved at the appearance eourt, as misnomer, &c., ought not to be pleaded, or al.lowed, by way of plea, to the declaration ; as they may be as well taken advantage of, by motion in court, at the first court after the return of the writ, without putting the plaintiff to the unnecessary expense of making up his record, and the delay which must consequently happen before the error is detected. That in this State, the plaintiff never files his declaration till after the appearance court, and the defendant is not compellable to plead within a month after the declaration is filed ; whereas, in England, the declaration .is filed very soon after the return of the writ, and, therefore, no greater delay need be incurred by pleading to the declaration, than by moving the objection to the writ before declaration filed. That ■there ought to be no distinction between pleas to the jurisdiction and other dilatory picas; but that in all cases where the matter which will furnish a good plea in abatement of the writ, lies in the knowledge of the defendant himself at the time he is called on to ■enter his appearance, as misnomer, coverture, mil tiel person in re-■rum natura, &c., such matter ought to be stated in the court on a .motion to quash the writ at the appearance court, in the same man.ner as where the objection is to the form or regularity of the writ itself, where the defect is apparent in the writ. That even in England, where the writ is defective on the face of it, the court may, ex officio, abate it. Com. Dig- Abatement L. 3. And, therefore, he was of opinion, in this case, that the plea ought not to have been pleaded, and that on that ground, the court of the district, where su©h plea was put in, ought to have dismissed it, and ordered, the *95 defendant, instantly, to answer over'. He agreed, however, that in all cases where a plea in abatement is adjudged against the defendant, he should be ordered to answer over forthwith, and is not entitled to notice by rule, aud time to plead : and that the matter of this plea was sufficient to abate the writ, if it had been objected to in time, not only for lack of certainty in not specifying any‘ particular place, but for not pursuing the words of the act, by which the courts for Marion district, are directed to be holden at the house of Thomas Godbolt, junior, in the said district, until the court house for the said district, shall be erected.
Wilds and Branding, for plaintiff. Falconer, for defendant.
Per curiam. Let the decision of the district court be reversed ; and let judgment be entered up for the defendant, on the demurrer, his plea in abatement being sustained, aud the demurrer overruled.
The opinions of the judges were as follows :
Grimkb, J.
The defendant was ordered to appear before the court of common pleas, at Marion ; where the law requires the said court to be holden, at the house of Thomas Godbolt, junior. There being no village or town called Marion, but only the district, I am of opinion that the words' wore not sufficiently certain, and, therefore, that the demurrer should bo overruled, and the plea sustained.
Trbzevant, J.
It is not pretended that any particular place in Marion district, is generally known by the name of Marion. I am, therefore, of opinion the plea in abatement should be sustained, and the decision of the district court, overruling the demurrer, reversed.
Note. — If a respondeos ouster be awarded, notie'e to the defendant is unnecessary, for he shall be supposed in court, Lawrence v. Martin, 1 Salk. 8.